## DRUM et v DUNN et

Ohio Appeals, 7th Dist, Monroe Co

No 289.   Decided Nov 20, 1935

Moore, Moore & Moore, Woodsfield, for plaintiffs in error.

Henry Mozena, Woodsfield, T. J. Kremer, Woodsfield, and John K. Sawyers, Jr., Woodsfield, for defendants in error.

230

## OPINION

By NICHOLS, J.

All of the errors assigned may be summed up in the single proposition that the court refused to permit the defendants to offer any evidence of the agreement claimed by the defendants to have been made by the plaintiff at the time of the purchase of said property and the execution of the notes and mortgage, to the effect that the plaintiff was to repair the roof of the garage building, it being set forth in the opinion of the court that this evidence was rejected because of the rule which prohibits parol evidence to vary, modify or contradict "the written contract, which is the mortgage given by the defendants to the plaintiff on the premises."

The court below erroneously found that the contract sued upon by plaintiff is the mortgage given by the defendants to the plaintiff on the premises.

At the trial the plaintiff offered in evidence the $300.00 note, executed on July 18, 1932, after the defendants, T. E. Drum and Josephine Drum had admitted their signature thereto, and the same was admitted in evidence.

Whereupon the plaintiff rested.

The defendants thereupon attempted to offer evidence in support of their cross petition, and to that end they called the plaintiff for cross examination, and attempted to show by the plaintiff that at the time of the execution of the notes and mortgage, and the purchase of the real estate described in the petition, the plaintiff had promised to repair the roof of the garage building on said premises.

The following is a portion of the cross examination of William Dunn, plaintiff below, by counsel for defendants below, commencing on page 2 of the record, and ending at the bottom of page 3 thereof:

"Q. Mr. Dunn you are the plaintiff in this case and was the owner of a lot and garage that you sold to Mr. Drum?

"A. Yes, sir."

"Q. When was the garage built?"

"A. (Objection by plaintiff sustained, exceptions)."

"Q. Mr. Dunn do you recall when the deal was made for the sale of this property that you have the mortgage for?"

(Objection by plaintiff, overruled, exceptions).

"A. Yes sir."

"Q. When did that take place?"

"A. On or about the 10th day of July, 1927."

"Q. Who was present at the time?"

"A. He took an option on the property for a week or 8 or 10 days."

"Q. Was the option in writing?"

"A. No."

"Q. Who was present when that was made?"

'A. Mr Drum and I."

"Q. Where did it take place?"

"A. At the garage."

"Q. Nobody else there?"

"A. Not that I know of."

(Objection by plaintiff, sustained, exceptions)

"Expect the witness to state, if permitted to answer: That Mr. Drum agreed at that time to purchase the property as described in the mortgage, and that Mr. Dunn agreed to place the roof on said building described in the petition in good and weatherable condition."

Was this evidence competent, and did the court err in refusing to permit the defendants to give evidence of the alleged agreement to repair the roof, and evidence of the damages resulting to defendants from the failure of plaintiff in that regard?

The greatest difficulty encountered by the court in the decision of this case arises from the vague and indefinite language used by the pleader in drafting the so-called cross petition of the defendants, Drum and Drum.

If, as claimed by the plaintiff in error, this cross petition attempts to set up an independent agreement between said defendants and plaintiff whereby plaintiff agreed to repair said roof, having no connection with the purchase and sale of said real estate, then clearly it would be necessary for the defendants to plead and prove a consideration for such independent contract.

See the case of: John Niswanger v Isaiah Staley by the Supreme Court of **Ohio, in** circuit, **1 O. Dec. Rep. 382,** from which we quote:

"1. A declaration upon a special contract not under seal by the common law must set out the whole consideration upon which it is founded; but negotiable instruments are an exception to this rule."

* * *

"3. The rule dispensing with the averments and proof of consideration, has never been extended to contracts for the delivery of specific articles or for services, where a sum of money certain is not specified."

In the opinion, Ranney, J, says:

"Courts in this state have never held that a contract for the delivery of specific articles, or for the performance of service, is such an instrument that a recovery can be had upon it, without averment and proof of consideration paid, tendered or agreed on."

In the case at bar no independent consideration for the agreement to repair the roof is alleged in said cross petition.

If the second sentence of said cross petition had read as follows: "At that time and as part consideration for the purchase of said described real estate and the execution of said notes and mortgage, plaintiff contracted with these defendants that he would repair the roof of the garage building," we would have little difficulty in determining that the evidence offered by the defendants below, and quoted above, should have been admitted by the trial court. The contract which is the basis of the claim made in defendants' cross petition is not a promissory note, and cannot be recovered upon, without averment and proof of consideration. But in considering this pleading we are required to give to the language used a liberal, rather than a technical, interpretation so as to arrive at the manifest intention of the pleader, and to the end that substantial justice may be done between the parties.

Sec 11345, GC, provides:

"Pleadings to be Liberally Construed—The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

From **Volume 31, O. Jur.,** at page 583, §49, we quote:

"Liberal construction: Construction for or against pleader—The maxim of the common law that pleadings were to be taken fortius contra proferentem—construed most

strongly against the pleader—is completely abrogated in Ohio, by the Code provision 'that the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties'; in accordance with which the courts in many cases have repeatedly declared that they must construe pleadings liberally in favor of the pleader with a view to accomplish substantial justice, in order to promote and facilitate the statement of a cause of action or defense. Thus, if a pleading is equally susceptible of different construction, the one most favorable to the pleader will be adopted; especially if by such construction a lawful contract is presented, when by any other construction, an unlawful one must appear. The court is required to give a pleading a liberal construction to assist parties in obtaining justice, especially where a party 'pleads over' without demurring. And this rule must ordinarily prevail ·in the absence of a motion to make the pleading more definite and certain."

What does the so-called cross petition mean?

Construing the language used in this cross petition liberally, as required by the statute and authorities cited, we conclude that the fair intendment of the pleading is to the effect that the defendants c'aim the plaintiff at the time of the execution of the notes and mortgage set up in the petition, and the purchase and sale of the real estate therein described, and as a part of the consideration therefor, contracted with defendants to repair the roof of the garage on said premises. The trial court was of opinion that parol evidence was inadmissible to show this contract to repair, and sustained the objections thereto on the ground that such parol evidence would modify the written contract, which contract the court said was the mortgage. But it must be remembered that this is an action at law by plaintiff on the promissory note, the mortgage being security only for the debt due on the note. Only the renewal note was offered in evidence, but in view of the fact that defendants admitted the execution and delivery of the notes and mortgage, including the renewal note, it was not necessary to a recovery by plaintiff that any evidence be offered by him, and it was incumbent upon defendants to go forward in defense under the so-called cross petition.

By the great weight of authority parol evidence is admissible, as between the original parties to show the consideration of a note and to show that the consideration,

in whole or in part, has failed; but such evidence can not be received to contradict the terms of the note, or to attach to it conditions.

Holzworth et v Koch et, 26 Oh St 33.

From the last cited case we quote from the syllabi, as follows:

"2. Partial failure of consideration is no bar to an action on a promissory note, but merely entitles the maker to recoupment for damages, or abatement of the plaintiff's demand, to the extent the maker has suffered loss by the failure."

"3. Parol evidence is admissible to show the consideration of a note, and to show that the consideration in whole or in part has failed; but it can not be received to contradict the terms of the note, or to attach to it conditions."

From the opinion in the last cited case, we quote:

"The failure to furnish goods to the full amount agreed upon constitutes only a partial failure, which was no bar to the action, and merely entitled the defendants to recoupment for damages, or to an abatement of the plaintiff's claim to the extent the defendants may have suffered loss by the failure. * * * Parol evidence is admissible to show the consideration of a note, and to show a total or partial failure of that consideration."

It will be seen that in the case at bar no effort is made to alter the terms of either the notes or mortgage. On the contrary the defendants expressly admit the execution and delivery of the very note and mortgage set up in the petition. Construing this pleading liberally, we hold that the only attempt made by this cross petition is to show a partial failure of consideration for the notes and mortgage.

We further cite the case of: Brown v Willis, 13 Ohio 25, the syllabus being as follows:

"1. Where A made a promissory note payable to B, and to be assigned to C upon his paying a sum of money and performing certain labor for A, the payment of the money and performance of labor constitute the consideration of the note; and in a suit upon it against A by C, who has obtained an assignment, his non-performance may be shown to defeat a recovery."

"2. If evidence is offered to show that a note is not to take effect from the time specified in the instrument itself, but from its delivery to another, the evidence is ad-

missible; but where the parol evidence offered by a party does not show a contract different from that which is written, but merely discloses a want of consideration, it is competent."

See also: Case of: **Isabella H. Sharp as Executrix of Robert B. Sharp, deceased v George H. Sharp, 4 Oh Ap 418,** decided by this Court of Appeals.

But, beyond all other authority, we have in Ohio a special statute governing the matter in controversy here. §8133 GC, provides:

"Effect of Want of Consideration—Absence of failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Reading from **29 O. Jur. at page 924, §143,** we find the following:

"Partial failure or Want of Consideration as Defense pro Tanto—The right under the common law to defend on the ground of a want or partial want of consideration, or a total failure of consideration, was well established in all jurisdictions. But there was a difference in the holdings in regard of a partial failure of the consideration of a promissory note. In some jurisdictions it was held that where the partial failure was a liquidated amount it might be set up as a defense. In other jurisdictions it must be by way of recoupment or separate action. But where the amount of the partial failure was unliquidated, the rule was that it could not be set up as a defense, but must be litigated in a separate action, or at least in a cross action. The right to set up a partial failure as a defense was not uniform, even where the amount of the failure was liquidated, and but few authorities hold that it could be set up as a defense where it was unliquidated. However, the Negotiable Instruments Act provides that

" 'partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise'."

"Evidently the intention of this section was to make uniform the right to interpose a partial failure as a defense, whether the amount was liquidated or unliquidated."

"Sec 8133, GC does not exclude the defense of a partial want of consideration in an action on a promissory note, between the original parties thereto. In such an action the payor can plead and prove that the sum mentioned as payable in a promissory note consisted in part of a valuable consideration and in part of a gift. The payee can recover only the amount of the valuable consideration. A partial failure of consideration avoids the instrument only to the extent of the failure, and entitles defendant sued on the note to an abatement of plaintiff's demand to the extent that defendant has suffered loss by reason of the partial failure of consideration, or to recoupment for damages to the same extent. So, where the answer in an action on a note sets up that it was given partly for cash and that the balance of the consideration was a certain quantity of liquor adulterated with strychnine and other active poisons, but it does not allege that the plaintiff has acted in violation of the act prohibiting the use of active poisons in the manufacture or sale of alcoholic liquor in any way, or that he has failed to comply with the act by branding the cask or barrel with the words, 'containing no poisonous drug or other added poison', it does not constitute a complete defense, but is only a bar to the extent of the consideration as to the liquor. So, too, in an action on notes given for liquor warranted to be of a certain quality. but proved to be of an inferior quality, the defendant is entitled to have the market value deducted from the amount agreed to be paid, as a failure of the consideration of the note to that extent."

In **Martin v Scudder, 14 Ohio Dec. 283,** the court held that parol evidence is admissible in behalf of the maker of a note, in an action thereon by the payee, to show that the consideration therefor was advancements made by the payee to the wife of the maker, and that the note was executed and delivered by the maker to and received by the payee as a mere receipt or memorandum.

Quoting from **17 O. Jur., at page 540, §443:**

"A failure of consideration must obviously be shown by parol evidence in the ordinary case, if it is to be shown at all. Parol evidence is admissible to show the failure, in whole or in part, of the consideration for a note, * * *."

From the foregoing authorities, we find that substantial justice has not been done in the court below, and that the judgment of the trial court must be reversed for error in rejecting evidence offered by the

defendants below, to which exceptions were taken at the time.

Judgment reversed and cause remanded.

CARTER, J, concurs.